IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TWAIN NEWMAN AYERS,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, et al.,<br><br>Respondents. | Cause No. CV 14-110-BLG-DLC<br><br>**FILED**<br><br>**JAN 2 1 2015**<br><br>Clerk, U.S. District Court<br>District Of Montana<br>Missoula |
| TWAIN NEWMAN AYERS,<br><br>Petitioner,<br><br>vs.<br><br>DAVID BERKEBILE, et al.,<br><br>Respondents. | Cause No. CV 14-164-BLG-DLC |

## ORDER DENYING PETITIONS AND
## DENYING CERTIFICATES OF APPEALABILITY

These cases come before the Court on two applications by Petitioner Twain

Newman Ayers for writ of habeas corpus under 28 U.S.C. § 2254. Ayers is a state

prisoner proceeding pro se. The two cases were assigned to the undersigned

because, in No. CV 14-164-BLG, Ayers challenges a conviction in Yellowstone

County, where Judge Watters, now of the Billings Division of this Court, was a

state trial judge for many years; and because the petition in each case raises

1

virtually identical issues. Although each case was referred on opening to a United States Magistrate Judge, *see* D. Mont. L.R. 72.2(a)(1), it is clear the proceedings need not be protracted. Referral is terminated. *See* L.R. 72.2(c).

In No. CV 14-110-BLG, Ayers states that he was convicted and sentenced in Dawson County on October 7, 2011, for a fourth or subsequent offense of driving under the influence of alcohol. *See* 14-110 Pet. (Doc. 1) at 3. The judge who took his guilty plea and sentenced him also presided over an earlier proceeding in which she "allowed" Ayers's "driving suspension to remain in force." *Id.* at 4. Ayers claims that the judge's presiding in both the criminal case and in the matter of the license suspension created a conflict of interest and mandated her *sua sponte* recusal. *Id.* at 4-11. Ayers also contends that his current custody is unlawful because the felony DUI charge was initiated when another judge found probable cause to believe he committed the crime and granted the prosecutor's motion for leave to file an Information; in this case, the judge apparently took no other action in the case. *See* 14-110 Pet. at 12-13; *see also* Mont. Code Ann. §§ 46-11-101, -201.[1] Finally, Ayers claims all four of his lawyers violated his right to the effective

---

[1] Ayers believes the judge's role in initiating a prosecution contravenes the Montana Constitutions of 1889 and 1972. This claim cannot support federal habeas relief, which "does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Wilson v. Corcoran*, 562 U.S. 1, __, 131 S. Ct. 13, 16 (2010) (per curiam). But, at any rate, there was no error of state law. Montana's Constitution expressly authorizes initiation of criminal proceedings "either by information, after examination and commitment by a magistrate or after leave granted by the court, or by indictment without such examination, commitment or leave." Mont. Const. Art. II, § 20(1) (1972). By extension, any allegation that counsel was ineffective for failing to

2

assistance of counsel because they did not raise these issues or seek the judges' recusal or disqualification. 14-110 Pet. at 12-13.

In No. CV 14-164-BLG, similarly, Ayers states that he was convicted and sentenced in Yellowstone County on October 28, 2011, for issuing a bad check. *See* 14-164 Pet. (Doc. 1) at 4. Again, Ayers alleges that his current custody is unlawful because the charge was initiated when the same judge who eventually took his guilty plea and sentenced him found probable cause to believe he committed the crime and granted the prosecutor's motion for leave to file an Information. *Id.* at 3-12. Ayers also claims his lawyer violated his right to the effective assistance of counsel because she did not raise the issue or seek the judges' recusal or disqualification on grounds of bias. *Id.* at 12-13.

Ayers relies on a judge's finding of probable cause to argue that any further participation by that judge in the case is a violation of constitutional due process. But "opinions held by judges as a result of what they learned in earlier proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice.'" *Liteky v. United States*, 510 U.S. 540, 551 (1994). Even a judge who is "exceedingly ill disposed towards the defendant" after presiding at trial "is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings."

---

raise an objection based on the Montana Constitution is meritless. *E.g.*, *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).

3

*Id.* at 550-51.

If a judge's formation of an opinion of a defendant in the course of a criminal case does not violate constitutional due process, certainly reviewing an affidavit, finding mere probable cause to believe the defendant has committed a crime, and authorizing the filing of an Information does not. This procedure does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process. Or, to look at it another way, when a judge finds a warrant application is *not* supported by facts sufficient to show probable cause, she is not thereby disqualified from reviewing another application on the grounds that she previously ruled against the State. Likewise, deciding whether suspension of a driver's license should be lifted or continued does not disqualify a judge from further proceedings any more than deciding whether bail should be granted, or whether a motion to suppress or a motion in limine should be granted or denied, or whether evidence should or should not be admitted under Fed. R. Evid. 104(a) or 801(d)(2)(C), (D), or (E).

Ayers relies on *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868 (2009), to claim that the probability of bias in the judicial actions taken in his cases was so high as to mandate recusal. But the *Caperton* Court said it was "address[ing] an extraordinary situation" that was "extreme by any measure." *Id.* at 887. Neither the parties nor the Court could identify any "other instance involving

4

judicial campaign contributions that presents a potential for bias comparable to the circumstances in this case." *Id.* Ayers's reasoning, pressed to its logical conclusion, would hold that virtually every exercise of judgment by a judge mandates the judge's recusal from further proceedings. That proposition is not remotely supported by *Caperton* or any other precedent of which the Court is aware.

Judges routinely make fine-grained distinctions among burdens of proof, factual findings, and correct or appropriate legal consequences. To accept Ayers's arguments, the Court would have to find that judges are incapable of fairly making even broad, categorical distinctions. Further, an exponentially greater number of these incompetent judges would have to be seated to handle the current volume of cases filed. The allegations in these petitions are frivolous. The petitions are denied because all claims are conclusively lacking in merit. Rule 4, Rules Governing § 2254 Cases.

Ayers does not make any showing that he was deprived of a constitutional right. A certificate of appealability is not warranted. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

### ORDER

1. Ayers's Petitions are DENIED for lack of merit.

2. The Clerk of Court is directed to enter judgment in each case, by separate document, against Petitioner and in favor of Respondents.

3. A certificate of appealability is DENIED on all issues in each case.

4. In the event Ayers seeks leave to pursue an appeal in forma pauperis, the Court CERTIFIES that any appeal would not be taken in good faith. Fed. R. App. P. 24(a)(4)(B).

5. These cases are CLOSED. Other than a notice of appeal, no further filings will be accepted.

DATED this 21st day of January, 2015.

Dana L. Christensen, Chief Judge
United States District Court